## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## (HAMMOND DIVISION)

| | |
|---|---|
| ROBERTA FORD <br> c/o Anderson, Agostino & Keller, P.C. <br> 131 S. Taylor Street <br> South Bend, Indiana 46601 <br><br> *On Behalf of Herself and All* <br> *Other Similarly Situated Individuals* <br><br> PLAINTIFF[1], <br><br>   v. <br><br> MIJ, INC. <br> D/B/A WIGGLES GENTLEMEN'S CLUB <br> 2136 Summer Street <br> Hammond, Indiana 46320 <br><br> DEFENDANT. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Case No.: <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. This is a class and collective action brought by Plaintiff Roberta Ford ("Plaintiff") against Defendant MIJ, Inc. d/b/a Wiggles Gentlemen's Club located at 2136 Summer Street Hammond, Indiana 46320 (hereafter "Wiggles" or "Defendant").

2. The class and collective is composed of female employees who, during the relevant time period of September 2017 through the date of judgment in this case ("the relevant period"), worked as exotic dancers for Defendant and were denied their fundamental rights under applicable state and federal laws.

3. Specifically, Plaintiff complains that Defendant misclassified Plaintiff and all other members of the class and collective as "independent contractors."

---

[1] To avoid retaliation, Plaintiff has used the mailing address of her attorney.

4. As a result of Defendant's class-wide misclassification of all exotic dancer employees, Defendant failed to pay Plaintiff and all other members of the class and collective minimum wage compensation they were entitled to under the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Indiana Minimum Wage Law, Indiana Code Title 22, Labor & Safety § 22-2-2-4 ("IMWL").

5. Plaintiff bring this class and collective action against Defendant seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

6. Plaintiff is an adult resident of Phoenix, Arizona.

7. Plaintiff hereby affirms her consent to participate as a plaintiff and class representative in a class and collective action under the FLSA and the IMWL. *See* Consent Form Attached hereto as Exhibit 1.

8. Defendant is a corporation formed under the laws of the State of Indiana operating as Wiggles, a strip club featuring female exotic dancers operating in Hammond, Indiana.

9. At all times, Defendant, through its officers, managers, supervisors, and other employees and contractors, controlled and dictated the day-to-day operations of Wiggles.

10. At all times, Defendant, through managers, supervisors, employees, agents or assigns, supervised and directed the employment of Plaintiff and other exotic dancers.

11. At all times, Defendant had the power to hire, discipline, suspend, or terminate the employment of Plaintiff and other exotic dancers.

12. Defendant qualified as Plaintiff's employer and the employer of all other exotic dancers at the club, within the meaning of the FLSA and IMWL.

13. During the relevant period, Wiggles had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

14. This Court has personal jurisdiction over Wiggles, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated IMWL state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## **FACTS**

15. Plaintiff was employed as an exotic dancer by Wiggles in Hammond, Indiana, at various times during the period of about 2006 through about March 2019.

16. During the period of Plaintiff's employment, the number of shifts Plaintiff worked varied from week to week.

17. During the period of Plaintiff's employment, the exact number of hours Plaintiff worked varied from week to week.

18. In weeks that Plaintiff did work as an exotic dancer at Wiggles, Plaintiff customarily worked between four (4) to six (6) shifts for an average total of about thirty-five (35) hours per week.

19. On information and belief, Defendant has possession of time and/or sign in "house fee" payment records for Plaintiff and all other exotic dancers employed by Defendant during the relevant period.

20. At all times, Defendant had actual knowledge of all hours Plaintiff and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff's work duties and the work duties of other exotic dancers at Wiggles.

21. At no time during Plaintiff's period of employment did Defendant ever pay Plaintiff or any other exotic dancers any wages for hours that Plaintiff and other exotic dancers worked each week.

22. At all times relevant, Defendant totally failed to pay wages or any kind of compensation to Plaintiff and all other exotic dancers for work duties performed.

23. At all times relevant, Defendant misclassified Plaintiff and all other exotic dancers at Wiggles as independent contractors when these individuals should have been classified under the FLSA and IMWL as employees.

24. At all times, Defendant controlled all aspects of the job duties Plaintiff and all other exotic dancers performed inside Wiggles through employment rules and workplace policies.

25. At all times, Defendant controlled the method by which Plaintiff and all other exotic dancers could earn money at Wiggles by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

26. At all times, Defendant required Plaintiff and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

27. Defendant hired Plaintiff and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

28. Defendant, through supervisors and managers, supervised the duties of Plaintiff and all other exotic dancers to make sure their job performance was of sufficient quality.

29. Defendant conducted initial interviews and vetting procedures for Plaintiff and other exotic dancers and, at Wiggles' sole discretion, Defendant's management and/or ownership

could deny any Plaintiff or any other dancer access or ability to dance and/or work at Wiggles.

30. At all times, Defendant had the right to suspend or send Plaintiff or other exotic dancers home and away from Wiggles if Plaintiff or other dancers violated rules or policies or if Defendant's ownership or management, at its discretion, did not want Plaintiff or any other dancer at Wiggles.

31. As a condition of employment with Defendant, Plaintiff and other dancers were not required to have or possess any requisite certification, education, or specialized training.

32. At all times relevant, Defendant was in the business of operating a night club featuring exotic dancers and at all times it was the job duty of Plaintiff and each other exotic dancer to perform as exotic dancers for Defendant's customers.

33. In addition to failing to pay Plaintiff and all other exotic dancers any wages for hours worked, Defendant required Plaintiff and all other exotic dancers to pay Wiggles or its ownership or management a house fee or kickback of $30.00-$60.00 or more for each shift Plaintiff and the other exotic dancers worked.

34. At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned a portion of the tips and gratuities Plaintiff and other exotic dancers received from customers to Defendant's ownership, management, and other non-customarily tipped employees.

35. On information and belief, Defendant and its ownership and management had actual or constructive knowledge that Plaintiff and other exotic dancers at Wiggles were employees and not independent contractors and were owed minimum wage compensation under the FLSA and the IMWL.

36. On information and belief, tor the entire period relevant to this action, Defendant has had

actual or constructive knowledge Wiggles misclassified Plaintiff and other exotic dancers at Wiggles as independent contractors instead of as employees.

37. On information and belief, for the entire period relevant to this action, Defendant's ownership and management had actual or constructive knowledge that Wiggles' failure to pay wages and charging unlawful kickbacks to Plaintiff and other exotic dancers was in direct violation of the FLSA and the IMWL.

## **CLASS ALLEGATIONS**

38. Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

39. The Rule 23 Class is defined in this matter as all individuals, who at any time during the relevant time period, worked as an exotic dancer for Defendant, but were designated as an independent contractor and therefore, were not paid minimum wage compensation as required by the IMWL (hereinafter, "the Class").

40. On information and belief, the Class are believed to exceed fifty (50) current and former exotic dancers at Wiggles and is therefore so numerous that joinder of all members is impracticable.

41. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members, including, but not limited to:

   i. Whether Defendant violated the IMWL by classifying all exotic dancers at Wiggles as "independent contractors," as opposed to employees, and not paying them any minimum wages;

   ii. Whether Defendant unlawfully required class members to split their tips with Defendant and and/or Defendant's managers;

      iii.      Whether the monies given to dancers by patrons when they perform private and semi-private dances are gratuities or "service fees."

      iv.      Whether Defendant violated the IMWL; and

      v.      The amount of damages and other relief (including statutory liquidated damages) to which Plaintiff and the Class are entitled.

42. Plaintiff's claims are typical of those of the Class.

43. Plaintiff, like other members of the Class, was misclassified as an independent contractor and denied her rights to wages and gratuities by Defendant under the IMWL.

44. Defendant's misclassification of Plaintiff was done pursuant to a common business practice which affected all Class members in a similar way.

45. The named Plaintiff and the undersigned counsel are adequate representatives of the Class.

46. Given Plaintiff's loss, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the Class.

47. Plaintiff has no interests that are antagonistic to those of the Class or that would cause them to act adversely to the best interests of the Class.

48. Plaintiff has retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

49. This action is maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

50. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because

questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff is pursuing this lawsuit as collective action under FLSA Section 216(b) on behalf of herself and all other similarly situated individuals who at any time during the relevant time period worked for Defendant as an exotic dancer and was designated as an independent contractor and was not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

52. Plaintiff and the members of the Collective are similarly situated because each were (1) improperly classified as independent contractors; (2) were not paid any wages by Defendant for hours worked; (3) were victims of tip theft whereby Defendant kept and/or assigned to management their tips and gratuities received from customers; (4) were required to pay per-shift house fee or kickback to Defendant for each shift worked; and (5) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

53. Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Defendant for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendant and/or Defendant's management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendant's failure to pay minimum wage compensation as required by the FLSA.

54. On information and belief, Defendant has employed at least fifty (50) current and former

exotic dancers at Wiggles in the past three (3) years.

55. On information and belief, Defendant is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant at Wiggles in the past three (3) years.

## **CAUSES OF ACTION**

### COUNT I
### VIOLATION OF THE FLSA
(Failure to Pay Statutory Minimum Wages)

56. Plaintiff hereby incorporates all of the preceding paragraphs by reference as if fully set forth herein.

57. The FLSA required Defendant to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

58. The FLSA required that Defendant allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

59. As set forth above, Defendant failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

60. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

61. Defendant's failure to pay Plaintiff and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

### COUNT II
### VIOLATION OF INDIANA MINIMUM WAGE LAW
(Failure to Pay Statutory Minimum Wage)

62. Plaintiff hereby incorporates all of the preceding paragraphs by reference as if fully set

9

forth herein.

63. The IMWL required Defendant to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Indiana Minimum Wage.

64. The IMWL required that Defendant allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

65. As set forth above, Defendant failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the IMWL Indiana Minimum Wage requirements.

66. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

67. Defendant's failure to pay Plaintiff and other similarly situated exotic dancers as required by the IMWL was willful and intentional and was not in good faith.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting Plaintiff's Class claims under the IMWL to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

C. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the IMWL;

D. Judgment against Defendant for failing to pay free and clear minimum wage

compensation to Plaintiff and other similarly situated individuals as required by the FLSA;

  E. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiff and other similarly situated individuals;

  F. Judgment that Defendant's violations of the IMWL minimum wage requirements were not the product of good faith on the part of Defendant;

  G. Judgment that Defendant's violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendant;

  H. Judgment that Defendant's violations of the IMWL minimum wage requirements were willful;

  I. Judgment that Defendant's violations of the FLSA minimum wage requirements were willful;

  J. An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

  K. An award to Plaintiff and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendant and/or Defendant's management;

  L. An award of statutory liquidated damages in amounts prescribed by the IMWL;

  M. An award of statutory liquidated damages in amounts prescribed by the FLSA;

  N. An award of attorneys' fees and costs to be determined by post-trial petition;

  O. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

  P. Such further relief as may be necessary and appropriate.

                                        Respectfully submitted,

Dated: October 2, 2020                /s/ Bradley P. Colborn
Michael P. Misch (27970-71)
Bradley P. Colborn (28501-20)
Anderson • Agostino & Keller, P.C.
131 South Taylor Street
South Bend, Indiana 46601
Telephone: (574) 288-1510
Facsimile: (574) 288-1650
Email: misch@aaklaw.com
Email: colborn@aaklaw.com

Gregg C. Greenberg, MD Fed. Bar No. 17291
(To Be Admitted Pro Hac Vice)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiff and the Class / Collective*

**CONSENT TO JOINT LAWSUIT AND PROSECUTE CLAIMS UNDER THE FLSA**

I, being over the age of eighteen (18) and of sound mind, do hereby affirm my consent to join this lawsuit and for my attorneys, on my behalf, to prosecute my claims in this action and to recover unpaid wages and damages under the Federal Fair Labor Standards Act ("FLSA").

_R. Ford_
SIGNATURE

8/23/2020 | 7:04 PM MDT
DATE

# Exhibit 1