UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERTA FORD, | ) |
| On Behalf of Herself and All Other Similarly Situated Individuals, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 2:20-CV-353-HAB |
| MIJ, INC., d/b/a WIGGLES GENTLEMEN'S CLUB, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion for Summary Judgment Pursuant to FRCP 56 and Motion to Dismiss Pursuant to FRCP 12(b)[1] (ECF No. 10). Defendant asserts, without legal citation or support, that the estate of its deceased former sole shareholder is a necessary party to this action. Why? According to Defendant, the estate's "ability to protect Defendant' [sic] interest, property and assets would be significantly impaired and impeded by Plaintiff's failure to join said estate as a necessary party." (ECF No. 11 at 11). Considering Plaintiff's express relinquishment of any claim against the decedent or his estate, this argument is hard to understand and, in any event, wrong. Defendant's motion will be denied.

**A.      Factual Background**

Plaintiff has brought an action against Defendant, an Indiana for-profit corporation, alleging violations of the Fair Labor Standards Act for Defendant's alleged failure to pay its

---

[1] Because Defendant has submitted, in support of its motion, the affidavit of Andrea Elsharif, the Court will treat the motion as one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002) (court is "required" to convert a motion to dismiss into a motion for summary judgement where defendant submits a document that would require "discovery to authenticate or disambiguate.")

employees the federal minimum wage. Until his passing in September 2019, Sief Elsharif was the sole shareholder of Defendant. In October 2019, an estate was opened to manage the assets of Elsharif. Plaintiff has not filed a claim in the estate and has not joined the estate as a party to this lawsuit.

**B.     Legal Discussion**

**1.     *Summary Judgment Standard***

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne*

*v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Additionally, a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

**2.     *Defendant's Motion is Legally Baseless***

For more than a century, Indiana has recognized that "corporate officers and shareholders are generally not personally liable for the . . . obligations of the corporation." *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1231 (Ind. 1994) (citing *Toner v. Fulkerson*, 25 N.E. 218, 219 (Ind. 1890)).

> These rules are derived from the fact that a corporation is a legal entity separate and distinct from its shareholders and officers. *Benner–Coryell Lumber Co. v. Indiana Unemployment Compensation Bd.* (1940), 218 Ind. 20, 25, 29 N.E.2d 776, 778, *cert. denied*, 312 U.S. 698, 61 S.Ct. 741, 85 L.Ed. 1132 (1941); *Clarke Auto Co. v. Fyffe* (1954), 124 Ind.App. 222, 227, 116 N.E.2d 532, 534. This has been so since the earliest days of our corporate law. In *Dartmouth College v. Woodward*, 17 U.S. (4 Wheat) 518, 4 L.Ed. 629 (1819), Chief Justice Marshall recognized that corporations had constitutionally protected contract rights. Thus, "[t]he corporate creature of the law—'invisible, intangible, and existing only in contemplation of law'—was endowed with basic legal rights, even against its creator." Bernard Schwartz, *Main Currents in American Legal Thought* 121 (1992) (quoting from *Dartmouth College*, 4 Wheat. at 636). Although a corporation acts only through its agents, officers, shareholders, and employees, it is the corporate entity that is legally responsible for those acts. [*Indiana Dept. of Pub. Welfare v.*] *Chair Lance Serv.*, 523 N.E.2d [1373] at 1377 (Ind. 1988)].

*Winkler*, 638 N.E.3d at 1231–32. These blackletter statements of law are no less true for closely held corporations like Defendant than they are for multinational corporations. *Melrose v. Capitol City Motor Lodge, Inc.*, 705 N.E.2d 985, 988 (Ind. 1998) ("The Indiana Business Corporation Law applies to all domestic corporations closely held and public corporations alike.").

With this background in mind, the Court turns to the allegations in Plaintiff's Complaint. It is true that, if directors or officers or other employees have such control over the corporate entity that their decisions determine whether a violation occurs, then the FLSA considers them employers

3

liable for the harm they cause. *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987). However, "[n]o relief is sought in this action against Decedent or Decedent's Estate," so says Plaintiff. (ECF No. 14 at 1). "To the contrary, Plaintiff seeks relief against Defendant, her former employer and a *de jure* Indiana corporation." (*Id*.). This strikes the Court as abundantly clear: Plaintiff seeks recovery from Defendant only, not against its former or current shareholders. Defendant does not explain why a party against whom no relief is sought is a necessary party to this action.

Is Defendant inviting the Court to pierce the corporate veil? Is it asserting that its former owner exercised such control over the corporation as to make his estate liable? Is it challenging the centuries-old protections that the corporate form provides? Or is the motion little more than a meritless attempt to wiggle out of this lawsuit through the misapplication of irrelevant and inapplicable Indiana state probate law? The Court need not answer these questions because the resolution of the instant motion is clear. Defendant has not articulated any basis upon which the Court could find Elsharif's estate to be a necessary party under Fed. R. Civ. P. 17, and its motion is denied.

C.  **Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment Pursuant to FRCP 56 and Motion to Dismiss Pursuant to FRCP 12(b) (ECF No. 10) is DENIED. The stays put in place by ECF Nos. 16 and 19 are hereby LIFTED. Defendant's response to Plaintiff's Motion for Conditional Certification of for [sic] Notice to Potential Plaintiffs and for Conditional Certification (ECF No. 15) shall be due not later than thirty (30) days from the date of this Opinion and Order, with any reply due fifteen (15) days thereafter.

SO ORDERED on April 7, 2021.

                                           s/ *Holly A. Brady*  
                                           JUDGE HOLLY A. BRADY  
                                           UNITED STATES DISTRICT COURT