UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERTA FORD, ) | |
| ) | |
| On Behalf of Herself and All Other ) | |
| Similarly Situated Individuals, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:20-CV-353-HAB |
| ) | |
| MIJ, INC., d/b/a WIGGLES ) | |
| GENTLEMEN'S CLUB, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

According to Plaintiff, Defendant mischaracterized her and other strippers as independent contractors rather than employees. To right this alleged wrong, Plaintiff has brough two causes of action: a collective action under the Fair Labor Standards Act (the "FLSA"); and a class action asserting violations of Indiana statute. Before the Court today is Plaintiff's Motion for Conditional Certification of for Notice to Potential Plaintiffs and for Conditional Certification (ECF No. 15) (all sic).

**A.      Factual and Procedural Background**

The following facts are taken from the Sworn Declaration of Roberta Ford (ECF No. 15-4), filed in support of the instant motion. Plaintiff worked as an exotic dancer at Wiggles Gentlemen's Club ("Wiggles") from 2006 through March 2019. From September 2017 through the end of Plaintiff's employment, at least fifty other women worked as exotic dancers at Wiggles. Because Wiggles characterized all exotic dancers as independent contractors, Wiggles paid these women no wages.

Wiggles had the full right and authority to control and direct all aspects of the dancers' job duties. This included customer pricing for performances, scheduling, the promulgation of rules and policies, and discipline for violation of those rules and policies. Wiggles also had the sole discretion to hire and fire dancers.

On October 2, 2020, Plaintiff filed her Class and Collective Action Complaint asserting claims on her own behalf and on behalf of all other similarly situated individuals under the FLSA and Indiana's wage payment statutes. Plaintiff filed the instant motion for conditional certification of the FLSA collective action on December 30, 2020. The motion has now been fully briefed (ECF Nos. 27, 29) and is ripe for determination.[1]

**B.  Legal Discussion**

As in every case, the first issue that must be addressed is the appropriate legal standard. Defendant asserts that the Court should evaluate the request for conditional certification using the standard for class actions under Fed. R. Civ. P. 23. (ECF No. 27 at 3–4). Plaintiff calls the Rule 23 standards "inapposite," and instead points the Court to the more lenient standards enunciated by federal courts interpreting the FLSA. The Court can hardly fault the parties for their divergent opinions, as each can find support for their position in the caselaw. Put simply, judicial pronouncements on the standard to be applied when evaluating a request for conditional collective action certification are inconsistent, amorphous, and largely unhelpful.

On one side of the coin is Judge Posner's procedural discussion in *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 771–72 (7th Cir. 2013). Just as in the case at bar, the plaintiffs in

---

[1] Defendant has filed a Motion to Strike Portions of Plaintiff's Sworn Declaration in Support of Plaintiff's Motion for Conditional Certification (ECF No. 28), arguing that Plaintiff's declaration "contains inadmissible, unsupported legal conclusions, as well as statements which fail to support a finding that declarant has personal knowledge of the matter asserted." Because the Court finds that Plaintiff's motion fails even when her declaration is considered, the motion to strike will be denied as moot.

*Espenscheid* asserted that they were wrongly classified as independent contractors. They brought a class action for violation of state minimum wage and overtime statutes and a collective action under the FLSA. The district court initially certified both actions, but later decertified them, leaving the case to proceed as an individual lawsuit by the plaintiffs. The case came to the Seventh Circuit on appeal of the decertification order.

Discussing the distinction between class and collective actions, Judge Posner wrote:

> The only difference of moment between the two types of action is that in a collective action the members of the class (of the "collective") must opt into the suit to be bound by the judgment or settlement in it, while in a class action governed by Rule 23(b)(3) (a class action seeking damages) they must opt out not to be bound. That difference can have consequences, the obvious one being the need to protect the right of Rule 23(b)(3) class members to opt out. But none of the consequences bears on this case. Indeed, despite the difference between a collective action and a class action and the absence from the collective-action section of the Fair Labor Standards Act of the kind of detailed procedural provisions found in Rule 23, there isn't a good reason to have different standards for the certification of the two different types of action, and the case law has largely merged the standards, though with some terminological differences. Simplification is desirable in law, especially in the present context, because joining a collective action and a class action or actions in one suit, as in this case, is both common and, we have held, permissible.
>
> It is true that one function of the procedural provisions in Rule 23 is to protect the rights of unnamed class members, who need such protection because unless they are permitted to and do opt out of the class they will be bound by the judgment or settlement. In contrast, collective actions bind only opt-ins. But the provisions of Rule 23 are intended to promote efficiency as well, and in that regard are as relevant to collective actions as to class actions. And so we can, with no distortion of our analysis, treat the entire set of suits before us as if it were a single class action.

*Id*. (citations omitted). This passage would seem to indicate that collective actions are subject to the same scrutiny as class actions brough under Rule 23.

The Court recognizes that *Espenscheid* is an outlier. Holding that the requirements for collective actions under the FLSA are "quite distinct" from Rule 23's requirements, the Second Circuit noted *Espenscheid* as the only decision holding otherwise. *See Scott v. Chipotle Mexican*

3

*Grill, Inc.*, 945 F.3d 502, 519 (2nd Cir. 2020). Indeed, district courts in this Circuit seem to have given Judge Posner the collective cold shoulder. *See*, *e.g.*, *Lee v. Children's Place Retail Stores, Inc.*, 2014 WL 5100608 at *5 (N.D. Ill. Oct. 8, 2014) (finding that *Espenscheid* applied only to decertification of collective actions); *Reed v. Methodist Health Servs. Corp.*, 2021 WL 1082010 at *8 (C.D. Ill. Mar. 1, 2021) (calling the Rule 23 discussion in *Espenscheid* "dicta"). This Court, however, is reluctant to brush off Judge Posner's considered opinion so easily.

On the other side of the coin are cases holding that a plaintiff must make only a "minimal showing that others in the potential class are similarly situated." *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004). Under this standard, "a court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001); *see also Smallwood v. Ill. Bell Tel. Co.*, 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010) ("In order to be conditionally certified, plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'") (quoting *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)). If the plaintiff makes this minimal showing, the class is conditionally certified and notice is sent to potential class members, giving them an opportunity to opt in. *Heckler v. DK Funding*, 502 F. Supp. 2d 777, 779 (N.D. Ill. 2007); *Mielke*, 313 F. Supp. 2d at 762.

But what does any of that mean? As Judge Damon Leichty of the South Bend Division recently noted, "modest" in this context has no definition. *McColley v. Casey's General Stores, Inc.*, 2021 WL 1207564 at *3–4 (N.D. Ind. Mar. 31, 2021). It would seem to indicate something less than the preponderance of the evidence standard required for class certification under Rule 23, *see Howard v. Cook Cty. Sheriff's Office*, 989 F.3d 587, 597 (7th Cir. 2021), but how much less is

4

seemingly anyone's guess. While Plaintiff relies on the requirement of a "modest" showing, she does not inform the Court of what, precisely, such a showing would require.

The only thing that is clear is that a plaintiff seeking conditional collective action certification cannot meet her burden merely with the complaint's allegations. *McColley*, 2021 WL 1207564 at *2. Rather, she must come forward with affidavits or other evidence showing that she and other potential plaintiffs were victims of a common policy or plan that violated the law. *Id*.; *Heuberger v. Smith*, 2017 WL 3923271 at *3 (N.D. Ind. Sept. 7, 2017). Ultimately, no matter how "modest" Plaintiff's showing at this stage must be, the Court finds that she has failed to present anything more than the allegations of her complaint. As such, her motion for conditional certification must be denied.

The Court concedes that Plaintiff has provided her own declaration in support of her motion. Plaintiff's declaration, however, is little more than a less-detailed recitation of the allegations in her Complaint. *Compare* ECF No. 1 at 3–6; ECF No. 15-4. It does not identify a single putative plaintiff other than herself. It makes broad allegations regarding Defendant's treatment of other dancers without the slightest indication of how Plaintiff came about this information. The Court finds, as other courts have, that this kind of unsupported, under-oath regurgitation of the complaint is insufficient to carry Plaintiff's burden. *See*, *e.g.*, *Harris v. Reliable Reports Inc.*, 2014 WL 2115352 at *4 (N.D. Ind. May 21, 2014); *Boyd v. Alutiiq Glob. Sols., LLC*, 2011 WL 3511085 at *6 (N.D. Ill. Aug. 8, 2011) ("modest" standard "does not mean that Plaintiffs can meet that burden with vague, uncorroborated, conclusory hearsay. *Some* evidence is required.") (original emphasis); *Colson v. Avnet, Inc.*, 687 F.Supp.2d 914, 928–29 (D. Ariz. 2010); *Villanueva-Bazaldua v. TruGreen Ltd. Partners*, 479 F.Supp.2d 411, 415–16 (D. Del. 2007). The Court struggles to find a single case where a plaintiff has met the conditional certification burden

5

on the bare record presented here. Indeed, Plaintiff's chosen authorities demonstrate that more is required. *See Woods v. Club Cabaret, Inc.*, 140 F.Supp.3d 775, 782 (C.D. Ill. 2015) (multiple declarations and "Independent Contractor Agreements" offered in support of motion; fifteen additional individuals had joined as plaintiffs); *Realite v. Ark Rests. Corp*, 7 F.Supp.2d 303, 307 (S.D.N.Y. 1998) (ten affidavits submitted); *Belcher v. Shoney's, Inc.*, 927 F.Supp. 249, 252 (M.D. Tenn. 1996) (twenty-four affidavits from employees tendered with 400 additional individuals identified).

Perhaps Plaintiff's allegations are supported by stacks of documents. It may be that Plaintiff has evidence regarding how Defendant treated other dancers. Dozens of other women may be waiting in the wings, each with stories like those of Plaintiff. But none of those scenarios are before the Court. Instead, the Court has little more than the vague, uncorroborated, conclusory statements of Plaintiff that do little more than parrot the allegations in the Complaint. At this stage, then, conditional certification is inappropriate.

**C.      Conclusion**

For the foregoing reasons, Plaintiff's Motion for Conditional Certification of for Notice to Potential Plaintiffs and for Conditional Certification (ECF No. 15) (all sic) and Defendant's Motion to Strike Portions of Plaintiff's Sworn Declaration in Support of Plaintiff's Motion for Conditional Certification (ECF No. 28) are DENIED.

SO ORDERED on May 25, 2021.

                                                     s/ Holly A. Brady
                                                    JUDGE HOLLY A. BRADY
                                                    UNITED STATES DISTRICT COURT